RAMEY v. GLEICHMANN.

(Supreme Court, Appellate Division, Second Department. December 24, 1915.)

1. APPEAL AND ERROR &#9702;&#8658;1003—FRAUD &#9702;&#8658;50—EVIDENCE—PRESUMPTIONS.

    Fraud in a transaction will not be presumed; but the clear preponderance of the evidence is necessary to justify reversal of a verdict finding good faith.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. &#9702;&#8658;1003; Fraud, Cent. Dig. §§ 46, 47; Dec. Dig. &#9702;&#8658;50.]

2. BILLS AND NOTES &#9702;&#8658;525—ACTIONS—EVIDENCE—SUFFICIENCY.

    In an action on notes, which the maker claimed the holder did not receive in the course of trade, but took with notice of their infirmity, evidence held to warrant a finding that the holder received them in the regular course of business in good faith.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1832–1839; Dec. Dig. &#9702;&#8658;525.]

Appeal from Kings County Court.

Action by Charles C. Ramey against William Gleichmann and another. From a judgment for plaintiff, and an order denying new trial, the named defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Frank S. Angell, of New York City, for appellant.
Louis J. Halbert, of Brooklyn, for respondent.

PER CURIAM. [1, 2] We have the issue of fact whether two notes were conditionally given, and then whether they were passed into the hands of plaintiff with knowledge that he was to hold the notes until the maker thereof (the present appellant) should receive bills of lading for two carloads of oats, or whether the notes passed to plaintiff for value in good faith. Amid this contradictory testimony are no contemporaneous letters or other writings to fix the circumstances of delivery of these notes. The indorser, though sued as a defendant, has not appeared, and seems to be irresponsible. He describes sending these notes to the plaintiff in Hackensack in a bare envelope, without letter or other inclosure. The condition that attended this delivery, he says, was made known to plaintiff through a questionable telephone conversation the next day. Appellant, the maker of the notes, though kept out of the merchandise for which he claims his notes were given, did not write or make such a demand, but relies now on another telephone interview, which occurred in plaintiff's absence from his office, which plaintiff's clerk denies.

From this conflict of testimony, the jury had to find whether the plaintiff took the notes in payment for sales to the indorser (Foulks), or if he received them with the above condition that plaintiff should send bills of lading for oats thus purchased, but undelivered. The issues having been fairly submitted resulted in a verdict for plaintiff, which we are now asked to set aside. The jury, who could observe the demeanor and credibility of the witnesses before them, rejected

&#9702;&#8658;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

this account of the giving of the notes conditionally, as well as the alleged transfer thereof to plaintiff, with his knowledge of such a condition. We cannot regard their conclusion as contrary to natural probabilities in such business transactions; and, as fraud is not to be presumed, it would require a clear preponderance of, evidence to lead us to overturn a verdict sustaining plaintiff's good faith.

That the notes passed in the usual course of business, for value, is more likely than that, without writing, the notes were sent in such a qualified manner that their retention became bad faith and a misapplication, in fraud of appellant's rights; and it seems improbable, too, that the maker, substantially defrauded as he claims, would for weeks have contended himself with only a talk by telephone, and that during the plaintiff's absence from his office.

The exceptions presenting no reversible error, the judgment and order of the County Court of Kings County should be affirmed, with costs.